## MILTON M. WYMAN *v.* LYMAN S. HAYES.

October Term, 1900.

Present: TAFT, C. J., TYLER, START, WATSON and STAFFORD, JJ.

Opinion filed January 19, 1901.

*Appeals—V. S. 1298—Train conductor not a public officer—*A conductor of a passenger train is not a public officer within the meaning of the statute relating to appeals from justices.

PETITION for leave to enter a cause in which an appeal was denied by the trial justice. Heard on demurrer to the petition, Windham County, September Term, 1899, *Munson*, J., presiding. Demurrer overruled, petition adjudged sufficient and leave to enter the cause granted.

The petition set out that judgment was rendered against the petitioner by a justice of the peace in an action of trover brought by the petitionee for the alleged conversion of a mileage book; that the petitioner seasonably prayed for an appeal, paid the appeal fee and tendered good and sufficient recogniz-

ance for such appeal, but that his appeal was denied by the justice. The petitioner based his claimed right of appeal upon a plea in excuse and justification pleaded by him in good faith in said cause. The substance of the plea is stated in the opinion.

*John G. Sargent* for the petitioner.

*Charles H. Robb* for the petitionee.

TAFT, C. J. All that it is necessary to say, and all that can be said in this cause, is that a passenger train conductor on one of our railroads, is not a public officer within the meaning of the statutes relating to appeals, which provide for an appeal in "actions where [when] the defendant in good faith, pleads in excuse or justification that he was acting as a public officer."

The petitioner pleaded in good faith, in excuse, that he was acting as a public officer, and further set forth in what his character as a public officer consisted, viz.: a passenger train conductor and servant of the Rutland Railroad Co., etc., and this shows him to have been no public officer.

His plea therefore was bad, and disentitled him to an appeal.

*Judgment reversed, demurrer sustained, and leave to enter the action denied, with costs to the petitionee.*