### HOMER A. LYONS *v.* RUTLAND RAILROAD CO.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed November 29, 1901.

*Railroad company—Public officer—Right of appeal from justice's judgment.*

A railroad company in the operation of its railroad as a common carrier is not a "public officer" within the meaning of V. S. 1298, III, and is not thereunder entitled to an appeal from the judgment of a justice of the peace in a case otherwise unappealable.

ASSUMPSIT appealed from the judgment of a justice of the peace. Heard on a motion to dismiss the appeal, at the December Term, Bennington County, *Stafford,* J., presiding. Appeal dismissed. The defendant excepted.

Neither the *ad damnum* in the writ, nor the sum demanded by the declaration, nor the specifications or exhibits of the plaintiff on trial, exceeded twenty dollars, and no claim in offset was made by the defendant. The justice granted the appeal under the plea referred to in the opinion.

*Barber & Darling* for the defendant.

The county court should have heard evidence upon the matters set out in the plea of justification. This case is distinguishable from a petition for leave to enter an appeal which has been erroneously denied.

In certain respects a railroad company is a public corporation, and whenever it is required to perform duties of a public nature, the characteristics of a public officer attach to it. 2 Elliott on Railroads, §§ 640, 659; *State* v. *D., L. & W. R. R. Co.*, 51 Am. R. 543; *R. R. Com'rs* v. *P. & O. Cent. R. R. Co.*, 63 Me. 269; *Olcott* v. *Supervisors of Fon du Lac,* 16 Wal. 678; *Belfast & Moosehead R. R. Co.* v. *Brooks,* 60 Me. 569; *Allen* v. *Jay,* 60 Me. 124.

*Charles A. Maurer* and *Charles A. Mason* for the plaintiff.

The defendant is not a public officer within the meaning of V. S. 1298, III. It is not a public corporation. *Dartmouth College* v. *Woodward,* 4 Wheat. 518; 4 Am. & Eng. Enc. Law, 186, and n.; Angell & Ames on Corp., §§ 30-35; *Bank of U. S.* v. *Planter's Bank,* 9 Wheat. 907; *Remdell* v. *D. & H. Canal Co.,* 1 Wall. jr., 273; *Vincennes University* v. *Indiana,* 14 How. 268.

WATSON, J. The case was not appealable, unless it was made so by the fact that the defendant, in good faith, by its written plea before the justice, pleaded in excuse and justification that in the operation of its railroad it was a public officer, and that the plaintiff's right of action, if any he had, accrued by the acts of the defendant when acting as a common carrier in the operation of its said railroad, and therein as a public officer.

It is urged that the county court should have heard evidence on the question whether the defendant was a public officer, as set forth in its plea, and that to dismiss the action without such evidence being heard was error. The plea, which was before the court as a part of the record, set forth that the

defendant was acting in its capacity of a common carrier, and therein as a public officer.    If it cannot be a public officer when thus acting, it was not necessary to hear evidence thereon. *Wyman* v. *Hayes,* 73 Vt. 24, 50 Atl. 556.

It is safe to say that, to constitute a public officer, it is indispensable that the officer be invested with some of the sovereign functions of one of the branches of government, legislative, executive, or judicial, to be exercised by him for the benefit of the public.    Unless the powers conferred are of this nature, the individual holding the office is not a public officer.    *State* v. *Jennings,* 57 Ohio St. 415, 49 N. E. 404, 63 Am. St. Rep. 723; *Attorney General* v. *Drohan,* 169 Mass. 534, 48 N. E. 279, 61 Am. St. Rep. 301; *State* v. *Stanley,* 66 N. C. 59, 8 Am. Rep. 488; *Attorney General* v. *Jochim,* 99 Mich. 358, 58 N. W. 611, 23 L.R.A.699, 41 Am. St. Rep. 606; *Patton* v. *Board,* 127 Cal. 388, 59 Pac. 702, 78 Am. St. Rep. 66; *Eliason* v. *Coleman,* 86 N. C. 235.

It cannot be said that the defendant, in the operation of its road as a common carrier, holds any office which is a parcel of the administration of government, and it must follow that it is not delegated with any functions pertaining thereto, without which it cannot be a public officer.

The motion to dismiss was properly granted, and *judgment is affirmed.*