STATE EX REL. HARVEY WOODFORD *vs.* JOSEPH B. NORTH
AND OTHERS.

Two school districts of a town, called the second and fifth districts, were consolidated into one new district called the second district. The inhabitants of the old second district claimed that by certain proceedings 'afterwards taken they had again become a separate district, and held an annual district meeting

State *ex rel.* Woodford *v.* North.

in regular form, and appointed the defendants a committee of the district for the year ensuing. The attorney for the state, upon the relation of one of the members of the committee of the consolidated district, filed an information in the nature of a quo warranto against the defendants, requiring them to show by what authority they exercised the office of district committee within the limits of the consolidated district. The defendants pleaded—1st, that, assuming the information to mean the office of committee of the consolidated district, they did not claim and had not attempted to exercise the office of district committee of that district; 2d, that, if the information was to be understood as meaning the office of committee of the old second district, the inhabitants of that territory, assuming it to be a legal district, had at a regular annual meeting elected them as committee of that district, and that the term for which they were elected had not expired, and that the relator did not reside within the limits of the old second district and had no interest in the matter. To these pleas a general demurrer was filed, and the court below sustained the demurrer. Held, in reversing the judgment on error—

1.   That the information ought, in express terms, or by fair intendment, to have described the defendants as usurping the office of committee of the consolidated district, and not that of district committee generally, as it is only in relation to a particular district that the office can have a legal existence.

2.   That the defendants had a right, in the vagueness of the information on this point, to make their pleas upon different assumptions of its meaning.

3.   That the first plea was a full answer to the information, and being demurred to, entitled the defendants to judgment.

4.   That the second plea was sufficient, upon its assumption of the meaning of the information, as a charge that the defendants had usurped the office of committee of the old second district necessarily implied the legal existence of that district, and put the defendants upon proof merely of their regular election as such committee.

An information in the nature of a quo warranto will not lie to try the right to an office that is not a legally authorized public office.

The question whether a territory claiming to be a school district is a legally existing district cannot be tried upon an information against the persons elected as a committee of the district. Such an information implies that the office occupied by them is a legally existing office, which it cannot be if the district is not a legally existing district. The legality of the existence of the district can be tried by an information against the district itself; or by an action of trespass against the members of the committee for any compulsory acts under its authority; or by resisting the payment of taxes laid by it.

The dictum in some of the authorities, that where the defendant admits that he has no right to the office, judgment is to go against him as of course, has reference only to cases where the defendant has actually usurped the office.

INFORMATION in the nature of a quo warranto, brought to the Superior Court in Hartford County. The information was as follows:—

William Hamersley, Attorney for the State of Connecticut, within and for the county of Hartford, who in this behalf

prosecutes in his own proper person, comes here before the Hon. Superior Court of said state, now sitting at Hartford, within and for said county, and in behalf of the State of Connecticut, at the relation of Harvey Woodford, 2d, of the town of Avon, in said county, gives this court to understand and be informed, that heretofore, to wit, on the 21st day of July, 1874, there was in the said town of Avon, and ever since has been, and still is, a certain school district called and known as the Second School District of said town, which comprised all the area included in the following boundaries, [describing it.] That at a meeting of said Second School District legally warned and held for that purpose, on the last named date, Harvey Woodford, 2d, the relator, C. K. Woodford, and Charles Stowe, residents in said Second School District, were legally chosen by the major part of the votes given by the voters of said school district, then and there present, a school district committee, for the above named school district for the year ensuing, and until others should be chosen and qualified, and the said persons so chosen accepted said appointment, and· then and there became and were, and ever since have been, and now are and claim to be, the sole and legal committee of said district, and have claimed to exercise the powers of such committee ; but notwithstanding the choice aforesaid, Joseph B. North, David Carrier, and George W. Miller, of said town of Avon, residents in said Second School District, on the 19th day of October, 1874, and from· thence hitherto, without any legal warrant, choice or right, have used and exercised, and still do use and exercise, and claim to use and exercise, the office of school district committee within the area of the aforesaid school district, and to have, use and enjoy all the privileges and franchises to the said office appertaining, which said office, privileges and franchises, the said North, Carrier and Miller, for all the time aforesaid, have usurped, and still do usurp, to the great damage and prejudice of the said rights of said school district and the said relator, and also against the peace of the state ; whereupon the said. Attorney prays the consideration of this court in the prem-

ises, and that due process of law may be awarded against them, the said North, Carrier and Miller, in this behalf, to answer unto this court by what warrant they claim to have, use and enjoy the office, privileges and franchises aforesaid.

To this information the defendants filed the following pleas :—

1.  That protesting against the vagueness and uncertainty of the averments of said declaration, which leave them in doubt as to its real meaning, but understanding said information to charge the defendants with having usurped and attempted to exercise the office of school district committee of a school district described in said information by its boundaries and therein called " The Second School District " of said town of Avon, the said exercise of which office is charged to have been attempted within the area of said school district, they plead and say that they have not usurped, or attempted to exercise, and they make no claim to, the office of school district committee of the school district so described.

2.  That, although the above is a sufficient plea to said information, and the defendants are not bound to make any further plea, yet, as the information is so vague and uncertain in its averments, and may not have been correctly understood by the defendants, they further plead and say, that if it was intended by the averments of the information to charge the defendants with having usurped and attempted to exercise within the area of said territory described as the Second School District, the office of school district committee, not of said described district or territory, but of a portion of said territory assuming to act as a school district, and which was formerly, if it is not now, a separate legal school district and legally named the Second School District of said town of Avon, then they plead and say, that at a meeting of the inhabitants of said last described territory, assuming to act as a school district, which meeting was called with all the formalities required by law in the case of legal school meetings, and which was held and conducted in all respects as regular and legal school meetings in legal school districts

are required to be held and conducted, the same being held on the 19th day of October, 1874, as an annual meeting of said inhabitants so acting as a school district, they, the defendants, being legally eligible 'thereto, were, by a large majority of the votes then cast for a committee of said territory assuming to be a school district, elected a school district committee for said territory or district for one year from that date, and hold said office by said election and not by any usurpation, and have attempted to exercise said office only under said election and within the territory last described; and they aver that the term for which they were elected has not yet expired. And they further aver that the said Harvey Woodford, 2d, at whose relation alone the said information is brought by the Attorney for the State, does not reside within the territory so described as assuming to act as a district, and had therefore no interest whatever in the election or appointment of the school committee of said district or territory.

3. And the defendants further plead and say, that they make no averment as to whether said last mentioned territory, at the time of their said election as said committee, was or was not, and now is or is not, a legal school district, but they say that, if said territory was not at said time, and is not, a legal school district, then the meeting of the inhabitants of said territory, at which the defendants were so elected, was a voluntary assemblage of the inhabitants of a neighborhood, for the purpose of arranging for the keeping of a school for the children of the neighborhood, and said election of the defendants was a voluntary designation of the defendants as an informal committee to take charge of said school; which assemblage of the inhabitants, and establishing of a school, and designation of the defendants as a committee to take charge of the same, were perfectly lawful and right, and in no respect needed any legal authorization, or other legal proceedings for their justification and validity. And the defendants say that they have not, nor has either of them, exercised or claimed to exercise the office of school district committee within the area of the school district described in

the information, in any other manner or respect than as alleged in their second and third pleas above pleaded.

The Attorney for the State demurred to these pleas, and the court (*Loomis, J.*) sustained the demurrer, and rendered judgment " that the said defendants, Joseph B. North, David Carrier and George W. Miller, be ousted from the office of school district committee as mentioned in the foregoing complaint in this cause, and that the state recover of the defendants the costs of said suit, &c."

The defendants brought the record before this court by a motion in error, assigning the following errors:—

1.   That the court erred in holding that the first plea of the defendants, in which they disclaim all right to, and deny all possession and exercise of, the office of committee of the school district described in the information, was not sufficient.

2.   That the court erred in holding that the second plea of the defendants did not sufficiently set up a title on their part to the office of school committee of a portion of the territory described in the information, which portion of the territory was assuming to act as a school district, the proceeding not being against the school district, to show by what right it claimed to act as such, but simply against the defendants to require them to show merely their title to the office named, and no question being made in the information as to the legal existence of the office which the defendants were charged with having usurped.

3.   That the court erred in holding that the third plea of the defendants was insufficient, as a disclaimer and denial of all usurpation of any legally existing office, and especially of the usurpation charged in case said territory referred to in said plea was not a legal school district, and in holding that the defendants had not a perfect right, under the name of school committee, to act as an informal committee of the inhabitants of the neighborhood in the establishing and conducting of a neighborhood school.

4.   That the court erred in holding that the information 'was sufficient to warrant the rendition of said judgment when

the said Harvey Woodford, 2d, at whose relation alone said information was filed by the Attorney for the State, did not reside within the territory which was so assuming to act as a school district or as a neighborhood, in the establishing and managing of said school, and in the appointment of the defendants as said committee.

5.   That said judgment is erroneous because it does not show from which of the offices described in the defendants' pleas the defendants are by said judgment ousted.

*Hooker* and *Hall*, for the plaintiffs in error.

*Perkins* and *W. C. Case*, for the defendant in error.

PHELPS, J.   This is an information in the nature of a quo warranto, charging the defendants with usurping the office of school district committee within a certain area described in the information.   The school district described in the information and of the school committee of which the relator is a member, embraces what was formerly two school districts of the town of Avon, known as the second and fifth districts, and by certain proceedings authorized by statute those two districts were consolidated into one now called the second district.   The inhabitants of the old second district were dissatisfied with the proceeding and adopted certain measures which they claim to have been authorized by a special act of of the General Assembly for the dissolution of the consolidation, and the reëstablishment of the old districts.   The legal validity of these proceedings is denied by the relator, who claims that the only legal district within the territory is the consolidated or new second district.   The inhabitants of the old second district, claiming to have again become a legally existing district, held their annual meeting as such, in October last, and elected the defendants a committee of the district, and they are now claiming to be, and are acting as, a committee of the old second district, and do not claim to be a committee of the consolidated or new second district.   In this state of things the information is filed, charging the

defendants with usurping and exercising the office of " school district committee within the area of the aforesaid school district," that is, within the area of the new second district.

The demurrer of the State to the pleas of the defendants opens the whole record to review, and any error in the information is as fatal to the case of the relator, as an error in the. plea to that of the defendants. And the defendants claim that a fatal defect exists in the information in its failure to charge, either in terms or effect, that the defendants have usurped the office of committee of the new second district.

It is very clear that the information should in terms, or by fair intendment, have described the office usurped as that of committee of a particular district, and not that of district committee generally, and it is only as the office pertains to a particular district that it can have any existence in contemplation of law ; and it is equally clear that the office must have been described in terms or by fair legal intendment as that of committee of the district described in the information as the second district. It is only of that district that the relator was a legal committee, and of course only in a usurpation of that office that he could have an interest. Besides this, if the information had charged a usurpation of the office of committee of the old second district several difficulties would have followed. The office which the defendants would then be charged with usurping would not be a legally existing office unless the district was a legally existing district, and the very point in controversy between the parties was whether it was so, the relator claiming it was not. If it was not, there could of course be no such office recognized by the law as that of committee of that district, and it is well settled that an information in the nature of a quo warranto will not lie to try the right to an office that is not a legally authorized public office. There is a single ancient authority to the contrary, (*King* v. *Boyles*, 1 Stra., 836,) but all the other authorities ancient and modern sustain this position. *State* v. *Dearborn*, 15 Mass., 125, and numerous cases cited in High on Extraordinary Legal Remedies, §§ 625, 626.

The reason is obvious. The State interposes only on the ground that its sovereign rights are interfered with by a usurpation of one of its offices, (that is, of an office that at least derives its authority from the State,) and seeks to clear the office of a usurping incumbent for the purpose of instating the person rightly entitled.

Another difficulty resulting from a charge that the defendants were usurping the office of committee of the old second district would have been, that in fact they were not usurping that office, and upon so averring in their plea they would have been sustained by the facts. They were elected to that office by the people of the district, and had the right to the office if any persons had. If they had averred their legal election by that district, the prosecutor could only have denied their election, which would have put in issue not the legal existence of the district, but the regularity of the proceedings under which they were elected. It is clear therefore that in drawing the information the pleader could properly have charged a usurpation only of the office of committee of the new second district.

Whether the information by sufficient legal intendment charges this usurpation it is perhaps unimportant to determine, for giving it that construction the defendants make a complete answer to it by their plea. They say that, understanding the information to charge them with usurping the office of school district committee of the district described in the information, " they have not usurped or attempted to exercise, and make no claim to, the office of school district committee of the school district so described."

The plea in which this is averred is with the others demurred to by the prosecutor, and the court below sustained the demurrer, and rendered a judgment that the defendants " be ousted from the office of school district committee as mentioned in the foregoing complaint."

One of the errors assigned is, that the judgment is erroneous in not showing what precise office the defendants were ousted from by it, the information to which it refers and by which alone it is explained being itself uncertain in its averment on this point.

But we think it unnecessary to consider this question as we believe the judgment erroneous on other grounds.

The defendants by their plea deny the occupancy of the office which they are charged with having usurped, and all claim to it. It is difficult to see how such a plea can be held insufficient, or how a defendant in such a case can properly have a judgment of ouster rendered against him and be subjected to costs. If it is so, any citizen can at any time be served with such a process, even if he has never thought of taking the office he is charged with usurping, and upon pleading, as the only plea that he could possibly make, that he did not claim the office and had never undertaken to exercise it, would be in like manner liable. This certainly cannot be the law. It is true it is laid down in the books that where a defendant admits he has no title, judgment goes against him as of course. High on Ex. Leg. Rem., §§ 745, 747. But this can only mean, where the defendant has actually usurped the office, but admits that he has no right. It cannot apply to the case of a defendant who not merely admits that he has no right, but also avers that he is not in possession of the office, and has never made claim to it. It is clear therefore that the first plea of the defendants should have been held sufficient, and that judgment should have been rendered in their favor.

This necessarily reverses the judgment below, and it becomes unnecessary to consider the other pleas of the defendants, but a few words in regard to them may be proper.

The first plea is founded upon the construction of the information which makes it allege a usurpation of the office of committee of the school district described in the information—that is, the consolidated or new second district.

The second plea proceeds upon the assumption that that construction may be incorrect, and that the office intended was that of committee of the original second district. In the vagueness of the information on this point the defendants could not safely do otherwise than meet this possible construction of the information; and they meet it by averring that they were duly elected to the office by the inhabitants of

that territory assuming to act as a legal school district, and that the term for which they were elected had not expired; but they do not aver whether the territory was or was not a legally existing school district. We do not see that this plea is insufficient. The legal existence of the supposed district was not a material question. The prosecutor could not deny its legal existence without defeating his own suit by showing that the office which was claimed to be usurped had no legal existence. If the defendants had averred its legal existence, and the prosecutor had denied it, the issue would have been an immaterial one. If the information had in terms charged a usurpation of the office of school committee of the old second district, a plea averring that the defendants held the office by an election regularly held and the term of which had not expired would have been a sufficient answer, and would have put in issue the fact of their election and nothing more. The fact that the territory was assuming to act as a legal district would have been necessarily implied in the charge in the information. In an information against a person exercising the office of selectman of a town to show by what right he holds the office, the legal existence of the town will be implied and the defendant is not bound to aver it. He is only bound to aver his election. Just so if an information is brought against a person holding and exercising the office of Governor of the State, the legal existence of the State is implied, and the defendant need not prove it. *People* v. *Bartlett*, 6 Wend., 424.

But any further consideration of this and the other pleas is unnecessary, since the information very clearly cannot be taken to mean the office of committee of the old second district, but must be construed as meaning that of committee of the consolidated or new second district. It is only as we give it this meaning that the relator, who claims to be legally a member of that committee, can have an interest in contesting the right of the defendants to the office. It is averred by the defendants in their plea, and of course admitted by the demurrer, that the relator does not reside within the territory of the old second district, and he has therefore no special

interest, if any whatever, in what may be done by the inhabitants of that territory, whether acting legally as an independent district, or as a voluntary neighborhood assemblage. *State* v. *Boal*, 46 Misso., 529; *Commonwealth* v. *Cluley*, 56 Penn. S. R., 270. If the relator desires to try the question of the legal existence of the district represented by the defendants it can easily be done by an information against the district itself. It can also be done in an action against these defendants assuming to act as a committee, if they resort to any compulsory measures against any persons denying their authority, in which case they would be guilty of a trespass. The same question can also be made by a refusal by any tax-payer to pay taxes levied by the assumed district. But we think it clear that the question of the legal existence of the district cannot be tried in this proceeding against these defendants. *People* v. *Whitcomb*, 55 Ill., 172; *People* v. *Maynard*, 15 Mich., 463; *Regina* v. *Taylor*, 11 Adol. & El., 949.

There is error in the judgment complained of, and it is reversed.

In this opinion the other judges concurred.