THOMAS C. PERKINS AND ANOTHER vs. THE CITY OF NEW HAVEN.

The police commissioners of the city of New Haven are agents of the state, engaged in performing public and governmental duties, and are not agents of the city or engaged in any matter of municipal concern.

The law having imposed upon these commissioners the duty of providing voting places in the city and town for all national and state elections, they can not, by hiring rooms for the purpose, bring the city under an obligation to pay the rent for them.

[Argued June 4th—decided June 26th, 1885.]

ACTION of *scire facias* upon a process of foreign attachment, to recover of the defendant city as a garnishee certain

money claimed to be due to one Chesley; brought, by appeal from a justice of the peace, to the Court of Common Pleas, and by that court reserved for advice. The case is sufficiently stated in the opinion.

*S. C. Loomis*, for the plaintiffs.

*C. T. Driscoll* and *E. B. Graves*, for the defendant.

STODDARD, J. The plaintiffs' contention in this case is grounded upon the theory that the police commissioners of the city of New Haven are the agents of the city, and have therefore the power to contract so as to bind the city. PARK, J., giving expression to the law while construing the charter of the city of New Haven, said in *Jewett v. City of New Haven*, 38 Conn., 379:—"Now it is conceded that the boards of police and road commissioners have governmental duties imposed upon them by two of these enactments;" and in accordance with this statement of the law it has been universally agreed that the police commissioners of the city of New Haven are state or public agents engaged in performing public and governmental duties, and that they are not private agents or servants of the city, nor engaged in any matter of corporate and proprietary concern. Under this state of the law the legislative power saw fit to impose upon these public agents a single other public duty, that of selecting and providing voting places in the city and town of New Haven for all elections except school elections.

In performance of their duty in this respect the police commissioners hired a room to be used as a voting place at a meeting of electors to pass upon the adoption of a constitutional amendment, and also for the last state and national elections. No city election was held at either of said times.

There is no other statute imposing the expense of providing voting places upon the city treasury.

It is the established custom in our legislation to impose upon the several town treasuries the various local expenses necessarily connected with state and national elections.

There is nothing in the charter of the city of New Haven indicating legislative intent to charge the city treasury with these expenses in the town of New Haven. Such an act of legislation would be anomalous, and wholly at variance with the general and ancient practice in this state.

It is difficult to conceive a duty more plainly and exclusively public and govermental than that of regulating state and national elections, and the police commissioners in the discharge of their duty in providing voting places for such elections are public agents, and not the agents of the city, and therefore can create no contract relation between the city and third persons in this respect.

The Court of Common Pleas is advised to render judgment for the defendant.

In this opinion the other judges concurred.