(42 App. Div. 208.)

MILLER v. WARNER et al.

(Supreme Court, Appellate Division, Fourth Department. June 13, 1899.)

1. PUBLIC OFFICE—POWER TO CREATE.
    A public office can only be created by the legislature, or by some municipal board or body authorized thereto by the legislature.
2. MUNICIPAL CORPORATIONS—POWER TO DISCHARGE EMPLOYE.
    A person appointed by the board of police of the city of Rochester superintendent of the police telegraph system of the city, there being no office of that name or nature known to the law, is merely an employé of the city, and the proper authorities of the city have the same power to discharge him that a private employer would have.
3. INJUNCTION—GROUNDS—PROHIBITING DISCHARGE OF EMPLOYE.
    An employé cannot maintain an action in equity for an injunction to restrain his employer from discharging him.
4. SAME—DISSOLUTION OF TEMPORARY INJUNCTION.
    As a matter of discretion, a court should dissolve a temporary injunction granted against a city board, restraining it from discharging an employé, on an uncontradicted showing of gross misconduct on the part of such employé.

Appeal from special term, Monroe county.

Action by Louis W. Miller against George E. Warner and others, individually and as police commissioners of the city of Rochester. Appeal from an order denying a motion to vacate an injunction pendente lite. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Thomas Raines, for appellants.
Charles J. Bissell, for respondent.

FOLLETT, J. This action was begun February 19, 1899, by the service of a summons, complaint, and injunction order restraining defendants from interfering with the plaintiff in the performance of his duties as superintendent of the police telegraph system, and from

removing him as such superintendent, or preferring or hearing charges against him. It is alleged in the complaint and admitted in the answer "that the above-named plaintiff, in or about the month of February, 1898, was duly appointed the superintendent of the police telegraph system in and for the city of Rochester, and is now acting as such"; but it is not alleged in the complaint or averred in plaintiff's affidavit by what board or body he was appointed, or for what time, but it is averred in the affidavits of the answering defendants that October 14, 1886, the plaintiff was appointed an electrical operator of the police patrol system by resolution of the board of police, and that February 28, 1898, by a resolution adopted by the board of police, the plaintiff was given the title of "superintendent." The plaintiff is not a public officer of the state of New York, nor of the city of Rochester, but is simply an employé of that city. It is not alleged that the legislature has created an office known as the "superintendent of the police telegraph system," nor that it has authorized the common council of the city of Rochester, or any other body, to create such an office. A public office is not a natural growth of the soil, and can be created only by the legislature, or by some municipal board or body authorized by the legislature to create a public office. The learned counsel in this action do not cite any statute of this state creating such an office, or authorizing any board or body to create the office of superintendent of the police telegraph system in the city of Rochester, and, in the absence of such an act, there can be no such office. Meyers v. City of New York, 69 Hun, 291, 23 N. Y. Supp. 484; People v. Coler, 33 App. Div. 617, 53 N. Y. Supp. 1090. Certain incidents pertain to a public office,—tenure for life, during good behavior, for years, or at the pleasure of the appointing power; also a salary fixed by law, or authorized to be fixed by some municipal board or body. No such incidents are attached to the position of superintendent of the police telegraph system of the city of Rochester, who is simply a mere employé of the city, and his right to maintain this action is governed, not by the principles applicable to a public officer, but to those which are applicable to employer and employé. The plaintiff does not allege in his complaint that he was employed for any particular term, and consequently it must be assumed that it was during the pleasure of his employer, and that his term of service may be terminated at the will of his employer. But, had it been alleged that he was employed for a definite term, and that the defendants wrongfully threatened to discharge him before the expiration of such term, an action in equity to restrain his employers from discharging him would not lie. There is no difference in principle between the employé of a municipal corporation, of a private corporation, or of an individual in respect to the right of an employé to maintain an action to restrain his employer from discharging him before the expiration of his term of service, or of the right of the employer to maintain an action to restrain an employé from quitting service before the expiration of the term of his hiring. I am unable to find any authority, case, or text-book holding or asserting that a mere employé may maintain an equitable action against his employer to restrain him from discharging his employé before the expiration of

his term of service, or that an employer may maintain such an action to restrain the employé from quitting service before the expiration of the term of his employment, unless a conspiracy is alleged. In none of the cases brought by employés against employers, or by employers against employés, arising out of labor troubles, has such a doctrine been sustained.

I think the complaint fails to state facts constituting an equitable cause of action, and that the facts alleged do not make a case within the jurisdiction of this court for granting equitable relief. The plaintiff, if discharged, will not sustain an irreparable injury. It is not alleged that the city of Rochester, which is liable for his wages, is insolvent; and the plaintiff would have an adequate remedy at law in an action for damages. I think it would be a new and startling doctrine to hold that an action in equity may be maintained by an employé to restrain his employer from discharging the plaintiff from service, even though it was alleged that the term of service had not expired, which is not alleged in this case. Again, as a matter of discretion, this injunction order ought not to be sustained. The defendants moved to vacate the order upon affidavits served upon the plaintiff, which he had an opportunity to answer. In the affidavits verified by the answering defendants it is averred that this plaintiff, December 2, 1898, sold 439 pounds of battery zinc and 216 pounds of copper belonging to the city of Rochester, for which he received $21.54, and converted it to his own use; and that the plaintiff on four different occasions sold material belonging to the city to William H. Ray, for which the plaintiff received $14, which he converted to his own use; and that the plaintiff, when called before the board of police, admitted that he had sold these items of property, and retained the avails for his own benefit. It is also averred that November 22, 1898, the plaintiff, when partially intoxicated, and accompanied by three companions, more or less intoxicated, issued a call at a box some distance from the Central Station for the police wagon and its crew for no known purpose except to carry the plaintiff and his companions to the Central Station, and that, upon the plaintiff's being called before the board of police, he admitted that there was no justification for such conduct. These facts are positively averred in the affidavits of the answering defendants, which the plaintiff, though he had abundant opportunity, failed to deny. The plaintiff has not come into this court with clean hands, and he is not entitled to an injunction order restraining any board by whom he was employed from discharging him from service.

The order denying the motion should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, upon the grounds (1) that the complaint does not state a cause of action cognizable in a court of equity; (2) that, as a matter of discretion, an injunction order ought not to be sustained in favor of the plaintiff, who fails to deny the specific charges of gross misconduct set forth in the record. All concur.