JOHN E. CORSCADDEN, Respondent, *v.* ISAAC M. HASWELL and Others, as Commissioners of the ALBANY PENITENTIARY COMMISSION, and Constituting, Composing and Comprising the ALBANY PENITENTIARY COMMISSION, and EDWARD McCREARY, as Sheriff of the County of Albany, Appellants.

*Equity — an objection that the remedy at law is adequate must be pleaded — the superintendent of the Albany penitentiary may enjoin his illegal removal — an employee may not — chapter 127 of 1902, a local bill, does not express its subject in its title — costs against the members of the penitentiary commission.*

Where the complaint in an action in equity alleges that the acts threatened by the defendants "would produce great and irreparable injury to the plaintiff, for which he could not be adequately compensated in a suit at law," the objection that it appears upon the face of the complaint that there is a remedy at law is not available upon a demurrer to such complaint, but must be specially pleaded in an answer.

The superintendent of the Albany penitentiary, who was appointed, by the commission in charge of that institution, for a period of five years at a fixed yearly salary and who cannot be removed, except for cause, is not a mere employee and may maintain an action in equity to enjoin his illegal removal.

*Semble,* that a court of equity will not intervene to enjoin the removal of a mere employee.

Chapter 127 of the Laws of 1902, which is entitled, "An act to amend chapter two hundred and sixty-one of the laws of eighteen hundred and eighty-five, entitled 'An act in relation to the management of the Albany Penitentiary,' relative to the salary of the keeper of said penitentiary," and which makes the following changes in the original act: *First,* the commission is authorized to fix the salary of the superintendent, whereas by the former act the salary was fixed at $3,000 a year; *second,* the commission is authorized, in effect, to discharge the superintendent, and place the custody of the penitentiary in the hands of the sheriff of Albany county; and *third,* the commission is further empowered, whenever in its discretion it is for the best interests of the county of Albany, to discontinue and close said penitentiary, and abandon its use as a prison, and to sell the same and all land and appurtenances connected therewith in the name of the county of Albany, violates, so far as the second and third changes effected by it are concerned, section 16 of article 3 of the State Constitution, which provides: "No private or local bill which may be passed by the Legislature shall embrace more than one subject, and that shall be expressed in the title."

That statute, however, is effective, so far as it authorizes the commission to fix the salary of the superintendent, inasmuch as that provision is within the purview of the title of the act.

In an action brought by the superintendent of the penitentiary to enjoin the penitentiary commission from proceeding under the invalid portions of the act, the members of such commission may properly be charged with the costs of the action.

Appeal by the defendants, Isaac M. Haswell and others, as commissioners of the Albany Penitentiary Commission, and constituting, composing and comprising the Albany Penitentiary Commission, and another, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 8th day of June, 1903, pursuant to an interlocutory judgment entered in said clerk's office on the 13th day of May, 1903, upon the decision of the court, rendered after a trial at the Ulster Special Term, overruling the defendants' demurrer to the plaintiff's complaint, and also from an order entered in said clerk's office on the 23d day of May, 1903, denying the defendants' motion for a resettlement of said interlocutory judgment.

The action is brought by plaintiff, who is the acting superintendent of the Albany Penitentiary, to restrain the defendants, who are the statutory commissioners having in charge said penitentiary, and the sheriff of Albany county, from removing the plaintiff from the said office of superintendent; from proceeding under the

authority of chapter 127 of the Laws of 1902, on the ground that said statute is unconstitutional and void.

Prior to 1902 the penitentiary had been under the management of commissioners appointed under chapter 261 of the Laws of 1885, as amended by chapter 761 of the Laws of 1895. Under this law the superintendent of the penitentiary was appointed for the term of five years, and received his appointment upon the 29th day of September, 1900. By that law his salary was fixed at $3,000 per year. He, with his family, lived at the penitentiary. By chapter 127 of the Laws of 1902 it was provided : "The Albany Penitentiary Commission shall, within fifteen days after the tenth day of June, eighteen hundred and ninety-five, and each five years thereafter, for a period of five years appoint a superintendent or principal keeper of the Albany Penitentiary *whose salary shall be fixed by the said commission,* and who shall not be engaged in any business or any other occupation or employment. \* \* \* *They are also hereby authorized and empowered, whenever in their discretion it seems to them to be for the best interests of the county of Albany, to dispense with the services of a superintendent or principal keeper of said penitentiary, and place the same in the custody, care, management and control of the sheriff of the county of Albany,* who shall serve without any extra compensation, and who shall have the same powers and be subject to the same duties as are now prescribed for the superintendent of said penitentiary, subject, however, to the supervision of the said commission and the duties and powers now conferred on it." Pursuant to that statute the commissioners caused notice to be served upon the superintendent that it was their intention, upon the 1st day of March, 1903, to place the penitentiary in the hands of the sheriff, whereupon this action is brought by the present superintendent to enjoin the defendants, who are the penitentiary commissioners and the sheriff of Albany county, from acting under the said statute and removing the plaintiff and placing said penitentiary in the hands of the sheriff. To this complaint a demurrer was interposed upon the ground that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was by the Special Term overruled, and an interlocutory and final judgment was entered overruling said demurrer, with costs against the

said commissioners and the sheriff, and enjoining them from acting in any way under chapter 127 of the Laws of 1902. After the interlocutory judgment, and before the final judgment, a motion was made to correct the interlocutory judgment by limiting the effect of the injunction clause so as not to enjoin the commission from acting under that part of the statute which declares that the salary of the superintendent is to be fixed by the said commission. This motion was denied. From the final judgment, and from the order denying the motion to resettle, this appeal is taken.

*J. S. Frost* and *J. Newton Fiero*, for the appellants.

*Edwin Countryman* and *Pierre E. Du Bois* for the respondent.

Smith, J. :

The first ground of challenge of this complaint is that it appears upon the face thereof that there is an adequate remedy at law, and that, therefore, equity will not interfere. Among the allegations of the complaint, however, is an allegation that the acts threatened by the defendants " would produce great and irreparable injury to the plaintiff for which he could not be adequately compensated in a suit at law." The general rule is now settled that the objection to an action in equity upon the ground that there is an adequate remedy at law must be pleaded by the defendant. In *Town of Mentz* v. *Cook* (108 N. Y. 504) it was held that where the complaint in an equitable action alleged that the plaintiff has no adequate remedy at law and this was admitted by the answer, the objection that such a remedy did exist could not be raised upon the trial. In the opinion Judge Finch says : " It appears to be settled by a very general concurrence of authority, that a defendant cannot, when sued in equity, avail himself of the defense that an adequate remedy at law exists unless he pleads that defense in his answer. (Citing authorities.) The rule proceeds upon the basis that parties may by their mutual assent litigate their differences in a court of equity, where the assent of the defendant, if withheld, might induce the court to refrain from the exercise of its jurisdiction. That jurisdiction existing over the general subject, the question of its exercise in the given case cannot be raised, unless the answer raises it.

Much more should that be true, where the answer explicitly admits an allegation of the complaint that the plaintiff has no adequate remedy at law. If that had been denied or the contrary asserted in the answer, the plaintiff might have come to the trial prepared to prove facts and circumstances bearing upon the inquiry, which are not now in the case, because assumed to be needless under the pleadings. The defendant's objection, therefore, came too late, when, waiving it by his answer, he sought to raise it at the opening of the trial. It was not covered by his objection that the complaint did not state a cause of action, for upon a demurrer for that reason it would have certainly been held sufficient." A demurrer admits all allegations of fact properly pleaded. But whether or not this allegation be one of fact, and thus admitted by the demurrer, the defense to an action in equity that there is an adequate remedy at law seems to be one personal to the defendant, who may, if he so choose, assent to the jurisdiction of a court of equity. Under these views, the ground of the defendants' demurrer that the plaintiff has an adequate remedy at law is not well taken.

In line with this objection, and perhaps a part of it, the defendants allege that an equity court will not enjoin proceedings by a municipal board or commission acting under a statute. That an employee cannot generally obtain an injunction against his employer from discharging him seems to be conceded by counsel upon both sides. The plaintiff's position, however, is something more than that of a mere employee. He is appointed for a fixed term, and cannot be removed except for cause. In *Miller* v. *Warner* (42 App. Div. 208) the Appellate Division of the fourth department held that equity would not enjoin the removal of a mere employee. In the opinion of Judge FOLLETT, however, it seems to be expressly recognized that equity might interfere at the instance of a public officer who was sought to be wrongfully removed. We do not hold that the Legislature cannot by valid enactment abridge the term of office of a public officer, but if that term of office is sought to be abridged by proceeding under an act that is itself void under the Constitution, we think equity has the power to enjoin proceedings under such a void act. While that power is subject to abuse and should be cautiously exercised, we are, nevertheless, of the opinion that more injury would result from the denial of that power to a court

of equity than is apt to result from a too broad use thereof. After a wrongful removal of a public officer the courts would clearly have power to repair the wrong done to the plaintiff as far as may be, either by an action at law for damages, or sometimes by mandamus or an action in equity to restore him to the place from which he was unlawfully removed. The prevention of a threatened wrongful exercise of municipal authority is many times more salutary to the public welfare than an attempted repair of the wrong after its commission, which repair must necessarily to an extent be imperfect. There is, therefore, no ground of public policy which would call for the denial of this power to a court of equity.

Upon the appeal from the judgment then, the issue must be decided upon the constitutionality of this statute. The title of the act, the constitutionality of which is challenged, thus reads : " An act to amend chapter two hundred and sixty-one of the laws of eighteen hundred and eighty-five, entitled ' An act in relation to the management of the Albany Penitentiary,' relative to the salary of the keeper of said penitentiary." In this act three changes are made by the amendment: *First*, the commission is authorized to fix the salary of the superintendent, whereas, by the former act, the salary was fixed at $3,000 a year; *second*, the commission is authorized, in effect, to discharge the superintendent, and place the custody of the penitentiary in the hands of the sheriff of Albany county ; and *third*, the commission is further empowered whenever in its discretion it is for the best interests of the county of Albany to discontinue and close said penitentiary, and abandon its use as a prison, and to sell the same and all land and appurtenances connected therewith in the name of the county of Albany. The constitutionality of this act is challenged under section 16 of article 3 of the State Constitution. It is in that section provided: " No private or local bill which may be passed by the Legislature shall embrace more than one subject, and that shall be expressed in the title." The plaintiff's contention is that there are three subjects — three material changes in the law which render the entire statute void. Granting for the argument that there are three several subjects included in the act, one of them, at least, is germane to the title of the act, and if the act be void as to the subjects not mentioned in the title, it would seem that that part of the statute which assumes to

provide for those subjects might be regarded as surplusage, and the act be deemed only an act including that subject which is specified in the title. (*People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 553; *Duryee* v. *Mayor*, 96 id. 492.)   I am unable to conceive any purpose sought to be accomplished by this provision of the Constitution which would not be fully accomplished if the act be held constitutional as to the one subject which is specified in the title.   The rule of construction is emphatic that a statute is to be held good unless it is clearly repugnant to the constitutional provision.   As a corollary of that proposition it would seem to follow that an act should be held good as to the one subject specified in the title although other legislation be attempted in the same act which must be held void for unconstitutionality.   That part of the act which gives to the commission power to regulate the salary of the superintendent is clearly within the purview of the title of the act.   That part of the act, therefore, must be deemed a valid exercise of the legislative power.

As to the other provisions of the act, those provisions which authorize the discharge of the superintendent and the abolishment of the penitentiary, a different question arises.   It is unnecessary to cite authorities to show the purpose of the constitutional provision. Under this provision of the Constitution, the title of the act must give some index of its purpose.   That title may be more or less general.   In such cases is required an examination of the act itself to ascertain its extent.   Where, however, the title is made specific, the subject of the act must conform thereto.   The act in question purports to amend chapter 261 of the Laws of 1885, " relative to the salary of the keeper of said penitentiary."   In my judgment there is no reasonable ground of conjecture that in such an act would be contained provisions for the discharge of the superintendent of the penitentiary or for its sale and abolishment.   Would not the contrary be implied, to wit, the continuance of the office of the superintendent, and special provision as to his salary ?   Suppose the act had omitted all provision as to the right of the commission to fix the salary of the superintendent, and had included simply the provision for his discharge and the placing of the prison in the hands of the sheriff, and for its sale and abolishment.   Would it be claimed for a moment that the subject of that act would be

expressed in the title "relative to the salary of the keeper of said penitentiary?" This, it seems to me, is a fair test by which to deter-mine whether those parts of the act are expressed in the title of the act within the constitutional requirement. In the consideration of this question we receive little aid from adjudicated cases. Those cases simply apply the general rule of construction which is recog-nized by all to the particular facts of individual cases, differing each from the other and from the case at bar. The case of *People* v. *O'Brien* (38 N. Y. 193) is, perhaps, more nearly parallel to the case at bar than any other which has been cited. The case of *Kerrigan* v. *Force* (68 N. Y. 381) exemplifies possibly the most liberal inter-pretation that has been given to the constitutional provision. Neither case, however, is at all parallel with the case at bar, and neither case furnishes an authority for our decision. To my mind the question does not fairly admit of debate. The provisions authorizing the dismissal of the superintendent and the abolishment of the penitentiary are in no way indexed by its title, and must be declared invalid and void. It becomes unnecessary, then, to dis-cuss the plaintiff's argument that the placing of this penitentiary under the control of the sheriff of Albany county is in violation of section 1 of article 10 of the State Constitution, or the further argu-ment that the act contravenes section 18 of article 3 thereof. The defendants were properly enjoined from proceeding to discharge the superintendent or keeper of the penitentiary and placing the same under the control of the sheriff of Albany county.

The judgment, however, goes further than this, and assumes to enjoin the defendants from acting in any way under this statute. The complaint nowhere alleges any threatened violation of plain-tiff's rights except in taking from him the control of the peniten-tiary. It does not even allege that they threaten to reduce his salary. Nor is relief asked to prevent such action on their part. Even if such relief were sought to be accomplished, if the statute lawfully authorized them to fix the salary of the superintendent, the provision of the judgment which forbids the commission from acting in any way under authority of the statute is altogether too broad. It is claimed, however, that the commission may proceed to fix the salary of the keeper so low as to be a practical expulsion and that the only authority in the act is to fix the salary prior to the five

years' appointment required to be made. It cannot be assumed that the commission will act beyond their powers as defined by the statute. Before the appointment of another keeper they would have the right under the statute to fix his salary. By this judgment, however, they are forbidden so to do. In this particular, therefore, we think the judgment is too broad, and that the motion for its correction should have been granted.

It is further urged that the defendants should not be charged personally with the costs of this action. As far as they are assuming to act under an unconstitutional statute, I think they act by their own wrong, and, therefore, they should be charged with the costs of the action. I am unable, however, to see how the sheriff in any way has threatened to act. He is not vested with authority to act in the removal of the plaintiff, or in the placing of the custody of the penitentiary in his hands. He should not, therefore, have been charged with costs.

The judgment should, therefore, be modified in such a way as not to enjoin the defendants from acting under that part of the statute held to be valid; and also that part which charges the defendants with the costs of the action should be modified so as to relieve the sheriff, defendant; and as thus modified should be affirmed, without costs to either party. It follows also that the order refusing to modify the judgment should be reversed, and the judgment modified in accordance with this opinion. The judgment entered thereon may be settled before SMITH, J.

All concurred.

Judgment modified as per opinion, and as so modified affirmed, without costs to either party. Order to be settled by SMITH, J.