THE STATE OF CONNECTICUT EX REL. OTTO G. STAGE *vs.* ROBERT MACKIE.

Third Judicial District, New Haven, June Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An information in the nature of *quo warranto* will not lie to try the title to a public office which is not legally authorized and constituted.

A municipal corporation cannot create a public office in the absence of a delegated authority from the sovereign power; and therefore an attempt to create, by city ordinance, the office of deputy building inspector, under a power given to the city by its charter to provide for the appointment of a building inspector, is ineffectual to that end. Nor can such ordinance be justified and upheld under an authority conferred upon the board of aldermen to provide for the appointment or election of "employees" and to prescribe their duties and compensation, since the latter, unlike a building inspector, are in no legal sense public officers endowed with portions of the sovereign functions of government.

The legislature having authorized the board of aldermen of the city of Waterbury to appoint a building inspector, subsequently provided that the building inspector and assistant building inspector of that city then in office (1905) should retain their respective offices during good behavior. *Held* that whatever effect the Act of 1905 might have had during the lifetime of the then deputy, it did not amount to a ratification, as permanent legislation, of the unauthorized ordinance creating the office of deputy building inspector and defining the powers and duties attached to it.

The right to provide for the appointment of an officer does not involve or imply the right to provide for substitutes and alternates at pleasure.

Argued June 1st and November 2d—decided December 17th, 1909.

INFORMATION in the nature of *quo warranto* to determine the respondent's title to the office of deputy building inspector of the city of Waterbury, brought to and tried by the Superior Court in New Haven County, *George W. Wheeler, J.;* facts found and judgment of ouster rendered against the respondent, from which he appealed. *Error and judgment set aside.*

The charter of the city of Waterbury provided that its board of aldermen might, in a manner prescribed, make ordinances "to provide for the appointment of a building inspector and to prescribe his duties." It also conferred upon the board the power "to provide for the appointment or election of such employes as are not otherwise provided for and as may be required for the proper transaction of the business of the city, and to prescribe their duties and compensation." Having this authority, the board adopted an ordinance creating the office of building inspector, and defining the powers and duties of its incumbent. It was also provided that there should be a deputy building inspector, that he should act in place of the building inspector and exercise all of his powers during the latter's absence, or disability, and in the event of the latter's death perform all of his duties until an appointment should be made to fill the vacancy, that he should be biennially appointed by the board in the month of January of the even numbered years, and that he should hold office for two years from the first Monday of February next following his appointment, and until his successor was duly appointed and qualified.

Under this ordinance one Smith was appointed for the term of two years from the first Monday of February, 1904. In April, 1905, the General Assembly passed a Special Act which provided that the building inspector and assistant building inspector of the city of Waterbury then in office should hold their respective offices during good behavior, subject to a power of removal in a manner pre-

scribed. Smith died March 5th, 1906, and the board in June elected the relator deputy building inspector to fill Smith's unexpired term. The relator thereupon qualified and entered upon the duties of the position. January 20th, 1908, the board proceeded to the election of a deputy building inspector for the term of two years from the first Monday of February next following. The votes of the entire board were cast for the respondent, who was a member of the board, present and voting for himself, and he was declared appointed. The respondent thereupon qualified, and entered upon the duties assigned to said position, which he has since continued to perform to the exclusion of the relator. The board of aldermen took no action declaring said position vacant, or creating a vacancy therein, except said appointment of the respondent. The relator made ineffectual demand of the respondent for the office, which is one of profit.

The relator claims the office, contending that his appointment thereto was one at the will of the board of aldermen and that the board has taken no lawful action terminating his term. He contends that the attempted appointment of the respondent as his successor cannot have the effect of either terminating his term or of entitling the respondent to succeed him, since the respondent was a member of the board of aldermen and voted for himself, and for the further reason that his duties as inspector of buildings would be incompatible with his duties as an alderman.

*Francis P. Guilfoile,* for the appellant (respondent).

*James M. Lynch,* for the appellee (relator).

PRENTICE, J. *Quo warranto* proceedings lie to prevent the usurpation of a public office or franchise. These were begun to try the title to a position attempted to be created

The State *ex rel.* Stage *v.* Mackie.

by an ordinance of the city of Waterbury, and attempted to be filled by the board of aldermen of the city. They must fail for the reason that there is no such office. To justify a resort to the extraordinary remedy here invoked, there must be an office legally authorized and constituted. *State ex rel. Woodford* v. *North,* 42 Conn. 79, 86; *Commonwealth* v. *Dearborn,* 15 Mass. 125; High on Extraordinary Legal Remedies, § 625. The position in question is one to which the ordinance creating it attempted to attach important powers and functions of government belonging to the sovereignty, and, therefore, was a public office as distinguished from a mere employment or agency resting on contract, and to which such powers and functions are not attached. *Perkins* v. *New Haven,* 53 Conn. 214, 215, 1 Atl. 825; *Seymour* v. *Over-River School District,* 53 Conn. 502, 509, 3 Atl. 552; *State ex rel. Rylands* v. *Pinkerman,* 63 Conn. 176, 182, 28 Atl. 110. "A public office is a right, authority and duty, created and conferred by law, by which . . . an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." Mechem on Public Officers, § 1. "It implies a delegation of a portion of the sovereign power to, and possession of it by the person filling the office." *Opinion of the Justices,* 3 Greenleaf (Me.) 481, 482; *Patton* v. *Board of Health,* 127 Cal. 388, 394, 59 Pac. 702; *United States* v. *Hartwell,* 6 Wall. (U. S.) 385, 393. It is a trust conferred by public authority for a public purpose, and involving the exercise of the powers and duties of some portion of the sovereign power. *Clark* v. *Easton,* 146 Mass. 43, 45, 14 N. E. 795; *Attorney General* v. *Drohan,* 169 Mass. 534, 535, 48 N. E. 279; *People* v. *Kipley,* 171 Ill. 44, 71, 49 N. E. 229.

Such being the nature of a public office, it is apparent that its source must in this country be found in the sovereign authority speaking through constitution or statute. The creations of the sovereign power cannot, in the ab-

sence of a delegated authority, create one. High on Extraordinary Legal Remedies, § 626; *State* v. *Spaulding*, 102 Ia. 639, 647, 72 N. W. 288; *Patton* v. *Board of Health*, 127 Cal. 388, 393, 59 Pac. 702; *Miller* v. *Warner*, 42 N. Y. App. Div. 208, 209, 59 N. Y. Supp. 956; *Commonwealth* v. *Swasey*, 133 Mass. 538, 539.

The source of the alleged office here in controversy is a city ordinance. The State had delegated to the city in its charter the power to provide for the appointment of a building inspector, and to prescribe his duties. 12 Special Laws, p. 438, § 21. It had not delegated the power to provide for the appointment of a deputy building inspector, and to prescribe his duties. The city was without inherent power to create such a public position and to endow it with the jurisdiction and authority attempted to be conferred. No such power was impliedly granted by the charter provision referred to. The right to create one office does not imply the right to create two. The right to provide for the appointment of an officer does not involve or imply the right to provide for substitutes and alternates *ad libitum*. The right to prescribe the power and duties of a designated official, and to endow him with that power, does not carry with it the right to endow several persons in the alternative with that power.

The charter provision giving the board power to provide for the appointment or election of employees and to prescribe their duties and compensation, was also inadequate as a conferment of authority to create public offices, to provide for the choice of incumbents, and to endow those incumbents with portions of the sovereign power at pleasure. This provision was limited in its application to employees, and its language was chosen to clearly indicate that fact. It is scarcely conceivable that the State should have delegated to one of its creations its sovereign power in any such wholesale way as to enable the latter to create such offices as it pleased, and attach

to them the exercise of such portions of the sovereign power as it pleased, and thus surrender to its creature its power of direction and dictation; and the charter provision referred to was too carefully guarded in its language to give countenance to such a contention.

It might possibly be a wise precaution to provide for the contingency of the death, absence or disability of the single official for which the sovereign authority has provided, but that is a matter for which that authority is alone qualified to deal. It has not done so save as the Special Act of 1905 concerned the matter. Whatever may have been the effect of that Act during the lifetime of the then incumbent, it could not have amounted to a ratification of the city ordinance, as permanent legislation, creating the office of deputy or assistant building inspector, and defining the powers and duties attached to it.

There is error, the judgment is set aside, and the cause remanded for the rendition of a judgment dismissing the information.

In this opinion the other judges concurred.