## GEORGE R. PENNELL *vs.* CITY OF PORTLAND.

### Cumberland.    Opinion June 18, 1924.

*The distinguishing features between "office" and "employment" are greater importance, dignity and independence; a more secure tenure; requirement of official oath or bond and liability to account as a public officer for misfeasance or non-feasance and further still to an office is delegated a portion of the sovereign power, which mere employment never embraces.*

In the instant case the word "official" as used in Sub-section 2 of Section 1 of the Workmen's Compensation Act may be defined with greater precision.    It may fairly be interpreted to mean the incumbent of an office created by statute or valid municipal ordinance. '

In applying either test it must be held that the Superintendent of the City Home and Hospital is not an official of the city of Portland.

The Superintendent having received an accidental injury while trimming trees upon the Home grounds is not deprived of relief by reason of being an official. Such work, too, was reasonably incidental to the petitioner's duties, and the accident arose out of his employment.

On appeal.    The petitioner, who at the time was Superintendent of the Portland City Home and Hospital, on October 27, 1922, following directions given to him by two members of the Board of Overseers of the Poor, while trimming certain trees on the Home grounds, fell from a ladder used in the work and broke his leg.    Counsel for the city of  Portland contended that the petitioner at the time of the injury was an official of the city of Portland and not an employee. A hearing was had upon the petition and the chairman of the commission granted compensation of $16.00 per week commencing January

13, 1923, and continuing to June 1st, 1923, for temporary total incapacity, and $15.67 per week commencing June 1, 1923, and continuing under Section 15 of the Act, for partial incapacity. From a decree by a justice of the Supreme Judicial Court affirming the findings of the chairman, counsel for the city of Portland entered an appeal. Appeal dismissed. Decree affirmed.

The case appears in the opinion.

*Charles J. Nichols*, for petitioner.

*H. C. Wilbur*, for city of Portland.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J. In 1922, the petitioner was Superintendent of the Portland City Home and Hospital. To this position he had been elected by the Board of Overseers of the Poor and was subject to its jurisdiction and control. Its printed rules gave him charge of "all matters pertaining to the management of the City Home." Two members of the board directed him to trim certain trees on the Home grounds. Climbing a ladder for this purpose he fell and broke his leg.

The award of compensation to him is challenged by the defendant mainly upon the ground that he suffered his accidental injury while acting as an official of the city of Portland. Sub-section 2 of Section 1 of the Workmen's Compensation Act, defining the term "employee" excepts "officials" of cities and other municipalities.

So far as judicial authorities define the word "office" and distinguish it from "employment" the tests are,—greater importance, dignity and independence; a more secure tenure; requirement of official oath and bond and liability to account as a public officer for misfeasance or non-feasance in office.

*State* v. *Shannon*, (Mo.), 33 S. W., 1137; *Baltimore* v. *Lyman*, (Md.), 48 Atl., 145; *U. S.* v. *Schlierholz*, 137 Fed., 622; *Throop* v. *Langdon*, 40 Mich., 673.

Another test imposed by some courts including our own is that to an office but not to a mere employment is delegated "a portion of the sovereign power." Opinion of Justices, 3 Maine, 481. *Atty. Gen.* v. *Drohan*, 169 Mass., 534; *State* v. *Mackie*, (Conn.), 74 Atl., 759; *Coms.* v. *Goldsborough*, (Md.), 44 Atl., 1055; *Patton* v. *Board of Health*, (Cal.), 59 Pac. 704.

Applying either of these tests we are led to the same conclusion reached by the Commission. Perhaps it cannot be determined with precision whether the petitioner's position attains the "dignity" and "importance" of an office. But the Superintendent is not independent. He is subordinate to the Overseers. It does not appear that his tenure is certain, or that he is required to take an oath or give a bond. Incumbents of similar positions have been held not liable to prosecution for malfeasance in office. *State* v. *Spaulding,* (Iowa), 72 N. W., 288, 29 Cyc., 1367. In no true sense is any portion of the sovereign power delegated to the superintendent of a poor-house.

But resorting to what we believe to be the legislative intent the word "official" may be defined with greater precision.

True the word "official" and the cognate words "office" and "officer" are often used in a broad sense including officers of a lodge, society, school, &c. But as used in Section 1 of the Workmen's Compensation Act we think that it may fairly be interpreted to mean the incumbent of an office created by statute or valid municipal ordinance.

Tax Collectors, Harbor Masters and Street Commissioners have been held to be public officers. *State* v. *Walton,* 62 Maine, 111; *Goud* v. *Portland,* 96 Maine, 125; *Stephens* v. *Old Town,* 102 Maine, 21. These offices are created by statute. But the position held by the petitioner is not a statutory office. Nor so far as appears has such an office been established by municipal ordinance.

Counsel further contends that the accident did not arise "out of" the petitioner's employment. It is not necessary to determine whether he was bound to obey the orders given him by one or two overseers unconfirmed by the vote of the Board. The Commission did not err as a matter of law in holding that independently of any specific order the work which the petitioner was doing at the time of the accident was within the sphere of his employment. He appears to have had only two assistants, both inmates of the Home, one feeble-minded, and the other "kind of crazy."

Counsel for the city urges that the petitioner should have stood on the ground, confining himself strictly to the duty of superintending and sent one or both of his demented helpers up the ladder to do the work. This argument does not impress the court as being sound.

Trimming trees on the Home grounds was reasonably incidental to the petitioner's work.

The thirty-day notice was rendered unnecessary by knowledge clearly brought home to city officials. The claim of estoppel has no foundation.

*Appeal dismissed.*
*Decree affirmed.*