ANNE M. KOVALIK, ADMINISTRATRIX (ESTATE OF JOHN CAMPO), ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF NEW FAIRFIELD

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 4—decided October 25, 1967

*Albert H. Hornig,* for the appellant (named plaintiff).

*William W. Sullivan,* for the appellee (defendant).

HOUSE, J. This appeal presents a single issue: Did the trial court commit error in deciding that the action of the defendant commission in raising the minimum required lot size in a New Fairfield residential zone from one to two acres was legal and

valid, or was it invalid, as the named plaintiff contends, because of the disqualification of the chairman of the defendant commission who participated in the decision?

The facts are simple and not in dispute. The defendant commission upgraded slightly over one-half of the total area of the town of New Fairfield to require a minimum lot of two acres instead of one acre. The chairman of the commission owns 697 acres in the area, which is about 8 percent of the land in the upgraded zone. The named plaintiff appeared at the public hearing held prior to the adoption of the revised regulation and expressly requested that the chairman of the commission disqualify himself from acting on the proposed revision because of his ownership of a substantial amount of land which would be affected by the proposed zoning change. The chairman refused to disqualify himself and participated in the decision of the commission. The finding that the named plaintiff is an aggrieved person has not been contested.

This court has had repeated occasion to reaffirm the principle that public policy requires that members of zoning boards and commissions cannot be permitted to place themselves in a position in which personal interest may conflict with public duty. See *Josephson* v. *Planning Board,* 151 Conn. 489, 493, 199 A.2d 690; *Lake Garda Improvement Assn.* v. *Town Plan & Zoning Commission,* 151 Conn. 476, 480, 199 A.2d 162; *Daly* v. *Town Plan & Zoning Commission,* 150 Conn. 495, 499, 191 A.2d 250; *Mills* v. *Town Plan & Zoning Commission,* 144 Conn. 493, 498, 134 A.2d 250; *Low* v. *Madison,* 135 Conn. 1, 9, 60 A.2d 774; see also *Stocker* v. *Waterbury,* 154 Conn. 446, 453, 226 A.2d 514. As we stated in *Low* v. *Madison,* supra, 8: "Public office is a trust con-

ferred by public authority for a public purpose. *State ex rel. Stage* v. *Mackie,* 82 Conn. 398, 401, 74 A. 759. His status forbids the public officer from placing himself in a position where his private interest conflicts with his public duty. The good faith of the official is of no moment because it is the policy of the law to keep him so far from temptation as to insure the exercise of unselfish public interest. He must not be permitted to place himself in a position in which personal interest may conflict with his public duty. . . . [p. 9] Zoning restrictions limit the individual's free use of his real estate in the interest of the general public good. The administration of power of that nature, whether it be denominated legislative or quasi-judicial, demands the highest public confidence. Anything which tends to weaken such confidence and to undermine the sense of security for individual rights which the citizen is entitled to feel is against public policy."

It was following the 1948 decision in *Low* v. *Madison* that the General Assembly enacted what is now § 8-11 of the General Statutes (Public Acts 1951, No. 335 § 8; Cum. Sup. 1955, § 382d), which expressly provides: "No member of any zoning commission or board and no member of any zoning board of appeals shall participate in the hearing or decision of the board or commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense."

The chairman's refusal to withdraw from the commission in the present case created a situation the evil of which our decisions and § 8-11 of the General Statutes seek to avoid. It renders the action of the commission invalid, and the court's conclusion to the contrary cannot stand.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.