The CITY–COUNTY PLANNING COMMISSION OF WARREN COUNTY, Kentucky, Appellant,

v.

Maurice E. JACKSON; J. Robert Wood; David R. Hartman; N. A. Barnett; Harry W. Pendley; Marjorie E. Haverstick; Carl R. Fish; Harper Wright, III; J. Michael Morgan, and Phillip M. Sowders, Appellees.

Court of Appeals of Kentucky.

Sept. 26, 1980.

Rehearing Denied Oct. 31, 1980.

Discretionary Review Denied Feb. 13, 1981.

Stephen B. Catron, Bowling Green, for appellant.

Brian Reeves, Bowling Green, William E. Rueff, Jr., Morgantown, for appellees.

Before BREETZ, GUDGEL and HOWERTON, JJ.

HOWERTON, Judge.

The Planning Commission appeals from a judgment of the Warren Circuit Court invalidating the Commission's action on the ground that all members were disqualified due to a financial interest in violation of KRS 100.171. A brief history of this litigation is as follows.

The Gene B. Glick Company filed an application for permission to construct multi-family dwellings on land zoned for such purposes in Bowling Green, Kentucky. Section 9.8 of the zoning ordinance requires the Commission to determine that the plans and specifications for the project are appropriate for the particular neighborhood. The Planning Commission conducted a hearing and denied the application.

The Glick Company brought suit in the United States District Court. The federal action was brought to reverse the denial of the application, but it also sought $1,600,-000.00 in damages from the members of the Planning Commission. The District Court judge ordered that a new hearing be held on the application and directed the Commis-

sion to take this action by the date of the next meeting, which was scheduled for February 1, 1979. The application of the Glick Company was approved at that meeting.

The appellees are residents of the neighborhood in which the Glick project is to be constructed. They appealed the action of the Planning Commission to the Warren Circuit Court pursuant to KRS 100.347, and they presented six issues.

I. Does the notice given by the Planning Commission, and its refusal to postpone the February 1, 1979, hearing until the protestants' regular attorney could attend, violate the rights of the protestants to procedural due process?

II. Did Glick meet the evidentiary requirements of Section 9.8 of the Zoning Ordinance-Resolution?

III. Did the suit by Glick against the Planning Commission and its members disqualify them from deciding Glick's application?

IV. Did the suit by Glick constitute duress, thereby invalidating the vote of the Planning Commission?

V. Was the failure of the Planning Commission to follow Roberts' Rules of Order an arbitrary act?

VI. Does the law require that the motion passed by the Planning Commission to approve Glick's application state the factual basis therefor?

The trial court held in favor of the appellees by making an affirmative finding to questions III and IV. In its findings of fact, conclusions of law, and judgment, the trial court discussed the remaining issues, but made no definite decision on any of them.

■ The primary issue in this appeal is whether the trial court erred in determining that the members of the Planning Commission were disqualified from hearing this case by reason of KRS 100.171. The statute reads in part as follows:

... Any member of a Planning Commission who has any direct or indirect finan-cial interest in the outcome of any question before the body shall disclose the nature of the interest and shall disqualify himself from voting on the question, and he shall not be counted for the purpose of a quorum....

The Commission argues that the intent of the legislature was to prohibit members of the Commission from voting upon matters affecting their own property or businesses, or such enterprises in which they might have a financial or personal interest. The appellees respond that the purpose of the statute was to prohibit members from voting on an issue when the vote could be influenced by personal financial considerations. They claim that the filing of the damage claim for $1,600,000.00 raises an apparent personal interest.

The question is one of first impression for this Court. We must agree with the Planning Commission, however, and reverse the decision of the trial court. Although Kentucky has no cases on this subject, the Commission has cited *Anderson v. Zoning Commission of the City of Norwalk*, 157 Conn. 285, 253 A.2d 16 (1968), wherein the Connecticut Supreme Court interpreted a similar statute. The court relied upon the well-established principal that a zoning official may not use his official power to further his own interest, and the opinion recognized that local governments would be seriously impaired if every conceivable interest would disqualify a board member. The interest necessary to disqualify was said to be either a particularly personal relationship with one of the parties, or an interest in the subject matter.

Two additional Connecticut cases are also helpful. In *Kovalik v. Planning and Zoning Commission*, 155 Conn. 497, 234 A.2d 838 (1967), the requirements for disqualification for a financial interest were said to be created for situations such as where the zoning official owned land that would be directly enhanced or diminished in value by the outcome. *Lake Garda Improvement Association v. Town Planning and Zoning Commission*, 151 Conn. 476, 199 A.2d 162 (1964), is an example of a situation involv-

ing disqualification for an employment or business relationship with the party to the proceeding.

 We conclude that it was the intention of the Kentucky legislature to prohibit similar conflicts of interest, and that to give it the broader effect as argued by the appellees would render the present administrative planning and zoning procedures unworkable. Such administrative bodies could be eliminated from the process by merely bringing damage suits. The purpose of the statute is to prevent direct and indirect financial enrichment to the board member or his business associates who have property or matters for consideration by the commission. The intent was not to deprive members from ruling on a matter merely because they have been financially threatened or are placed under some comparable duress.

The Commission presented three additional arguments for reversal, but we need not decide any of them.

The District Court ordered the Planning Commission to rehear the application. There was no direction as to a required result. Also, there was no indication that any constitutional or statutory requirements could be avoided on the rehearing. The hearing was held, and it was proper for the appellees to file their appeal in the Warren Circuit Court. KRS 100.347. The order of the federal court had been complied with.

The questions of notice for the rehearing and procedural due process, together with the questions regarding the evidentiary requirements and the lack of findings of fact by the Planning Commission were properly presented. This action is therefore remanded to the Warren Circuit Court for specific determinations on those issues. If any of the issues are found in favor of the appellees, the action must be remanded to the Planning Commission for further proceedings. If all of the issues are found against the appellees and in favor of the Planning Commission, the action of the Planning Commission in approving the application must be affirmed.

The judgment is reversed and the case is remanded for further proceedings.

All concur.