[No. 8,063.—Department One.]

FRANK SMITH v. JOHN Q. BROWN ET AL.

OFFICER—POLICE OFFICER—POWER OF REMOVAL—CONSTITUTIONAL LAW.— The plaintiff was appointed a police officer of the City of Sacramento, by the Board of Police Commissioners, and was afterwards removed by them, without written charges or trial and conviction, as required by the sixth section of the Act of March 6, 1872, amendatory of the Act incorporating the City of Sacramento. (Stat. 1871–2, p. 244.) *Held:* The Board had power to remove him.

APPEAL from a judgment for the defendant in the Superior Court of Sacramento County. DENSON, J.

The proceeding in the Court below was an application for a writ of mandamus to compel the Police Commissioners of the City of Sacramento to permit the plaintiff to hold and enjoy the office of police officer. The affidavit stated that the plaintiff was appointed police officer by the Police Commissioners on the fifth day of April, 1880, and that he was removed on the first day of April, 1881, without cause, and without having had written charges preferred against and served upon him, and without a public or any trial or conviction by the Police Commissioners upon any charges. Judgment was rendered for the defendant upon demurrer.

*A. L. Hart* and *Martin & Jones*, for Appellant.

This proceeding is to determine the right of plaintiff to the office of police officers of the City of Sacramento under " an act amendatory of and supplementary to an act approved April 25, 1863, entitled 'An act to incorporate the City of Sacramento,' approved March 6, 1872." (Stats. 1871–2, pp. 243, 246.) Plaintiff claims that by reason of the provisions of Section 6 of said act, he was appointed during good behavior, and defendant had no power of removal, except as provided by said act, viz., upon charges preferred, a public trial, and conviction of the offenses named in said act, etc. (Dillon's Munic. Corp., § 250.)

*W. A. Anderson*, for Respondent.

The case at bar is parallel with *People* v. *Hill*, 7 Cal. 102.

The Court:

On the authority of *People* v. *Hill*, 7 Cal. 102, the judgment is affirmed.