[S. F. No. 3144.  No. 18.  First Appellate District.—May 24, 1905.]

## J. W. FARRELL, Respondent, v. BOARD OF POLICE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

POLICEMEN—DURATION OF OFFICE—REMOVAL BY APPOINTING POWER.— Policemen appointed by the board of police commissioners, having no term of office fixed by law, hold during the pleasure of the appointing power under section 16 of article XX of the constitution; and the board of police commissioners may remove a policeman without charges, notice, or trial.

ID.—REINSTATEMENT—MANDAMUS—STATUTE OF LIMITATIONS.—Mandamus will not lie to compel the reinstatement of a removed policeman; and an application therefor nine years after the removal is barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Franklin K. Lane, City Attorney, and R. M. Sims, Assistant, for Appellants.

Curtis Hillyer, for Respondent.

HALL, J.—This is an action by plaintiff against the defendants for a writ of mandate, directed to and requiring the board of police commissioners of the city and county of San Francisco to admit plaintiff to the office of policeman on the regularly constituted police department of the city and county of San Francisco.

In plaintiff's petition he alleges that the board of police commissioners removed him from his office of policeman in the month of March, 1892, arbitrarily and without any charges being preferred against him, and without any trial or hearing upon any charges; and that said commissioners have ever since said time deprived him of the use and enjoyment of his said office, and that he is still by them deprived of the enjoyment of said office.

The petition for the writ was filed in the month of May, 1901. To this petition the defendants demurred upon the general ground that it did not state facts sufficient to constitute a cause of action or to entitle plaintiff to a writ of mandate; and also upon the ground that "plaintiff's cause of action and right to a writ of mandate is barred by subdivision 1 of section 338 of the Code of Civil Procedure and by section 343 of the Code of Civil Procedure."

The lower court overruled the demurrer, defendants answered, a trial was had, and judgment went against the defendants as prayed for in plaintiff's petition.

So far as the plea of the statute of limitations is concerned, a precisely similar case was presented to the supreme court since the taking of the appeal in this case, in the case of *Jones* v. *Board of Police Commissioners of San Francisco,* 141 Cal. 96, [74 Pac. 696]. The only difference between the Jones case and the case before this court is, that in the Jones case the delay in bringing the action was about seven years, while in this case it exceeds nine years. In that case it was held that the plea of the bar of the statute of limitations was well taken, and the judgment of the lower court in favor of the plaintiff in that action was reversed, with directions to the court below to sustain the demurrer and dismiss the proceeding. The principle of the Jones case controls this. (See, also, *Barnes* v. *Glide,* 117 Cal. 1,[1] [48 Pac. 804]; *Barber* v. *Mulford,* 117 Cal. 356, [49 Pac. 206].)

---

[1] 59 Am. St. Rep. 153.

As to the general demurrer that the petition did not state a cause of action, the same question was presented in the case of *People* v. *Hill,* 7 Cal. 97, the only difference being that in the latter case the question arose under section 7 of article XI of the old constitution, while in the present case it arises under section 16 of article XX of the present constitution.   Each in substance provides that when the duration of an office is not provided for by the constitution it may be declared by law, and if not so declared it shall be held during the pleasure of the authority making the appointment. In the Hill case it was said: "The only way in which this power of removal can be limited is by first fixing the duration or term of office, and then providing the mode, if deemed necessary, in which the officer may be removed during the term.   A law which simply provides that a party shall not be removed except in a given case, where the duration is not declared, would, in our opinion, be unconstitutional."   It was accordingly held in the case of *People* v. *Hill* that the board of police commissioners could remove a police officer without any charges being preferred and without any trial, for the reason that his term of office was not fixed, and he held office only during the pleasure of the appointing power.

The same question was presented in the case of *Smith* v. *Brown,* 59 Cal. 672.   That case arose under the present constitution and the charter of Sacramento.   The trial court rendered judgment upon demurrer for the defendant, and the court affirmed this judgment on the authority of *People* v. *Hill.*

In *Patton* v. *Board of Health of San Francisco,* 127 Cal. 388,[1] [59 Pac. 702], the court held that where an officer's term is not fixed by law or by the constitution, such officer holds only during the pleasure of the appointing power, and may be removed without  charges, notice, or  trial, citing *People* v. *Hill* and *Smith* v. *Brown.*

Counsel for the respondent seems to concede that if *People* v. *Hill* is sound the judgment in this case must be reversed; but he urges with much earnestness that the doctrine laid down in *People* v. *Hill* is not sound, and that the case should be overruled.   We think the rule in *People* v. *Hill* is correct, and see no reason for departing from it.

---

[1] 78 Am. St. Rep. 66.

The judgment is reversed, with directions to the lower court to sustain the demurrer and dismiss the petition.

Cooper, J., and Harrison, P. J., concurred.