[L. A. No. 17810. In Bank. Apr. 16, 1942.]

FRANK SCULLY, Appellant, v. STATE OF CALIFORNIA et al., Respondents.

Lucien A. Sauvage and A. Brigham Rose for Appellant.

Earl Warren, Attorney General, and Alberta Belford, Deputy Attorney General, for Respondents.

CURTIS, J.— █ Plaintiff, as secretary of the Department of Institutions of the State of California, was appointed guardian of a number of estates of incompetent persons, and thereafter the probate court fixed the fees to which the guardian was entitled in the several estates, which collectively amounted to the sum of $2,650. Plaintiff instituted this action to have it declared that he was entitled to said fees and for judgment in the amount of such fees. The first and second causes of action of the amended complaint set forth the above facts. The defendants moved for judgment on the pleadings and the court granted the motion. Plaintiff has appealed from said judgment.

The judgment should be sustained, as section 6660 of the Welfare and Institutions Code in force prior to its amendment in 1941, under which plaintiff was appointed and acted as such guardian of the estates of said incompetent persons, provided that ''The secretary of the Department of Institutions shall serve as such guardian . . . and shall receive such reasonable fees for his services as such guardian . . . as the court allows. Such fees shall be paid into the State treasury to become a part of and to be added to the appropriation or special fund in the State treasury, made available by law for the support or management of the department.''

█ In a third cause of action plaintiff sought to be restored to his position as secretary of the Department of Institutions from which he was discharged by the director of said

department on or about the 21st day of October, 1939. In said third cause of action plaintiff alleged his appointment as secretary of the Department of Institutions for a period of four years beginning in the month of January, 1939, and that said director of said department on or about the 21st day of October, 1939, "caused his name to be removed from the payrolls as an officer," and that said action was without right. Defendants' motion for judgment on the pleadings applied to said amended complaint as a whole and included said third cause of action as well as the other two causes of action referred to above.

We find nothing in the Welfare and Institutions Code, or any other statutory enactment, fixing the term of the secretary of the Department of Institutions at four years or giving to any board or officer authority to appoint a person to that office for the term of four years or for any fixed term whatever. Section 878 of the Political Code provides that "Every office of which the duration is not fixed by law is held at the pleasure of the appointing power." By section 6662 of the Welfare and Institutions Code the secretary of the Department of Institutions is defined as "the employee of the department designated by the Director of Institutions to perform the duties and exercise the powers mentioned in those sections." (Secs. 6655, 6661 and 6729 of the Welfare and Institutions Code.) We conclude from the foregoing code sections that as plaintiff was designated (or appointed) as secretary of the Department of Institutions and as the duration of said office was not fixed by law, he held his office at the pleasure of the appointing power. The appointing power in this instance was the Director of the Department of Institutions. Plaintiff's discharge, therefore, by the Director of the Department of Institutions was legal. █ Plaintiff's allegation that the action of the Director of the Department of Institutions "was without right or foundation in law and justification in fact" cannot be regarded in any other light than his conclusion respecting his discharge. It cannot be considered as an allegation of fact, in view of the code section which expressly provides that he held his office at the pleasure of the appointing power. As plaintiff was legally discharged from his position, he was not entitled to the salary or other emoluments of his office.

The third cause of action contained in plaintiff's amended complaint failed therefore to state facts sufficient to consti-

tute a cause of action, and the order of the court in granting defendants' motion for judgment on the pleadings, which in this instance consisted of the three causes of action set forth in said amended complaint, was properly made, and the judgment of the trial court should be and is hereby affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.

Appellant's petition for a rehearing was denied May 14, 1942.