[Civ. No. 7359.    Fourth Dist.    July 22, 1964.]

ESKER OTTO OXLEY, JR., Plaintiff and Appellant, v. COUNTY OF ORANGE et al., Defendants and Respondents.

Robert A. Von Esch, Jr., for Plaintiff and Appellant.

George F. Holden, County Counsel, and Adrian Kuyper, Chief Assistant County Counsel, for Defendants and Respondents.

BROWN (Gerald), J.—This is an appeal from a judgment of the Superior Court of Orange County denying a writ of mandate to compel the County of Orange to reinstate the petitioner, Esker Otto Oxley, to his former position, with back pay.

Oxley had been appointed Director of Finance by the Board of Supervisors of the County of Orange. On May 9, 1961, the board served notice on him that he was relieved of all duties and suspended without pay. At the same time an

acting director of finance was appointed. Later this appointment was made permanent.

Oxley's formal demand for reinstatement, back wages, and fringe benefits was rejected. He then petitioned the Superior Court of Orange County for a writ of mandate. In denying the writ the court found that Oxley served at the pleasure of the board of supervisors and that he had been discharged.

█ The question raised on appeal is whether the board of supervisors had the power to discharge Oxley.

The board of supervisors has the power to regulate the terms of all deputies, assistants, and employees in the county (Cal. Const., art. XI, § 5). It may employ such persons as are necessary to assist it in the performance of its duties. (Gov. Code, § 25208.) In the absence of provision to the contrary the general rule is that the employee serves at the pleasure of the appointing authority. (Cal. Const., art. XX, § 16; *Patton* v. *Board of Health of San Francisco,* 127 Cal. 388, 392 [59 P. 702, 78 Am.St.Rep. 66]; *Nightingale* v. *Williams,* 70 Cal. App. 424, 430 [233 P. 807]; *Farrell* v. *Police Commissioners,* 1 Cal.App. 5, 7 [81 P. 674].)

█ Oxley argues the manner of his discharge was governed by and did not comply with the requirements of County Personnel Ordinance No. 1276. The sections dealing with suspension and discharge do not apply to a person such as Oxley, appointed by the board of supervisors as the principal employee of a delegated function of the board. Oxley's suspension and discharge therefore are governed by the general rule.

Judgment affirmed.

Coughlin, Acting P. J., and McCabe, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.